## Wharton *against* Botham.

Where an ejectment is served on a tenant who does not notify his landlord to appear, the court will open a judgment obtained by default and permit the landlord to be made defendant and contest the title.

But this will not be permitted on the application of one who is in possession, and states himself to be the agent of other persons, who have long since sold, and admits he has never paid rent; though he says he has made repairs.

THE facts of this case are stated in the opinion of the court.

The case was argued by
*J. A. Phillips* and *Hirst,* for the defendant.
*T. I. Wharton,* for the plaintiff.

The opinion of the Court was delivered by

HUSTON, J.—Ejectment No. 34, of March term 1837; Fallon appeared. Rule of reference on the 11th November 1837; served on defendant's attorney, and arbitrators appointed. December 12th 1837, arbitrators met, and both parties appeared by counsel; adjourned and met again on the 24th December. Rawle appeared before them for plaintiff, and Troubat for defendant; parties, proofs, &c. heard, and adjourned till the 5th January 1838, when arbitrators and counsel of plaintiff and defendant met, and further hearing, and adjourned to be *called together on notice to the parties.* This can only mean on notice by a party to arbitrators and the other party, or on consent of both parties. It never could have been in the contemplation of any one, that arbitrators were to go to the trouble or expense of notifying the parties.

It rested until November 1841, when notice was served on the arbitrators by Rawle, and on Fallon, Troubat, and Phillips, attorneys of defendant. Arbitrators met, and several regular adjournments; and 17th December 1841, awarded for plaintiff, and their award duly filed, and no appeal.

On the 6th April 1842, Wm. Morton, now tenant in possession, as he alleges under Barrett, who he states is owner, makes affidavit that he had no notice; (Botham had removed three years ago, and had no interest). He further states that he tendered to the plaintiff's attorney the ground-rent, but does not say how much, nor when. He states that Wm. Pusey, of Chester county, claims a ground-rent, and that Pusey tendered the ground-rent and costs, but does not say when; and he, in one of his depositions, says it was refused because tendered by a person having no authority,

[Wharton v. Botham.]

and because it was on another lot, respecting which there is a suit pending in the district court.

Fallon appeared to the suit. His appearance, though totally forgotten by him, is in his own handwriting, and he appeared for Ford. He has long declined taking a part, as he got no fee; but left his name on the docket. Neither he nor Ford take any part in favour of this application.

At the two first meetings of the arbitrators, Troubat appeared for Breschman, who was the landlord of Botham, and was fully heard, and advised his client that his title was worthless. Breschman was examined, and he swears, that after the advice given by his counsel, he sold his right to Morton for $20, payable in a pair of candlesticks and a breast-pin. None of these join in this application.

Wm. Pusey was examined. He states a conveyance by Hannah Wharton, the plaintiff, to C. W. Collins, of a lot on George street, of 16 feet front, and 96 feet west of Schuylkill Sixth street; that Collins sold to D. and J. Morton, who sold to A. H. Parsons, reserving a ground-rent of $108, of which Pusey is now the owner. He states a tender of ground-rent. His counsel in this application had written a letter to the agent of Miss Wharton, about her claim to a lot on this street, and therefore notice of the meeting of the arbitrators in December 1841 was served on him. He did not appear, because his letter related to the adjoining lot, about which the suit is pending in the District Court. Wm. Morton, the present tenant, says he is agent for Pusey and D. and J. Morton. D. and J. Morton, according to Pusey's oath, have long since sold out to Parsons. Parsons does not appear or join in this application. Barrett, who is said by Wm. Morton to be his landlord, does not appear, nor does Morton state himself to be his agent. Notice of the last meetings of the arbitrators was served on Messrs. Fallon, Troubat and Phillips, severally; whose letters, acknowledging service, were produced before the arbitrators, and are produced here.

The law and the practice is, where an ejectment is served on a tenant who does not notify his landlord, and a judgment is obtained by the plaintiff for want of defence, to open the judgment, and permit the landlord to be made defendant and contest the title. In this case the landlord of the tenant had notice, did employ counsel, was heard, and in pursuance of the advice of his counsel, gave away his title. The law and the principles which induce a court to see that the landlord is not deprived of his possession by the neglect or fraud of his tenant, forbid the court to permit any person who is not, and never was landlord, from coming in and being made defendant; and this though he applies before a judgment; and much more will the court be careful that a judgment obtained shall not be opened in favour of one who has no right to interfere. But in this case, one claim of title is traced to Morton, who does not interfere. Another is traced to Parsons,

[Wharton v. Botham.]

who does not interfere.    Barrett is said to be landlord of the present tenant.    Whether he claims under Parsons or Morton, or has a distinct title, we are not told; but he does not apply to open this judgment.    The application is by a man who has got into possession — who states himself to be agent of D. and J. Morton, who have long since sold, and who admits he has never paid any rent, though he says he has made repairs.    No principle of law or rule of practice will justify opening a judgment under such circumstances on the application of such a person.

Rule discharged.